Filed 10/26/20  P. v. Boggs CA4/2
*See dissenting opinion.*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074289 |
| v. | (Super.Ct.No. RIF70967) |
| DAVID ALLEN BOGGS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**FACTUAL AND PROCEDURAL HISTORY**

On October 1, 1996, a felony complaint charged defendant and appellant David Allen Boggs with unlawfully taking a vehicle under Vehicle Code section 10851 (count

1

1) and receiving stolen property under Penal Code section 496 (count 2). As to count 1, the complaint also alleged that defendant had a prior vehicle theft conviction under Penal Code section 666.5. Furthermore, the complaint alleged that defendant had suffered three prison priors under Penal Code section 667.5, subdivision (b).

On October 15, 1996, defendant pled guilty to unlawfully taking a vehicle under Vehicle Code section 10851 (count 1). Thereafter, the trial court sentenced defendant to four years in prison, and dismissed count 2 and the prison prior allegations.

"Approved by the voters in 2014, Proposition 47, the Safe Neighborhoods and Schools Act, reduced the punishment for certain theft- and drug-related offenses, making them punishable as misdemeanors rather than felonies. To that end, Proposition 47 amended or added several statutory provisions, including new Penal Code section 490.2, which provides that 'obtaining any property by theft' is petty theft and is to be punished as a misdemeanor if the value of the property taken is $950 or less. A separate provision of Proposition 47, codified in Penal Code section 1170.18, subdivision (a), establishes procedures under which a person serving a felony sentence at the time of Proposition 47's passage may be resentenced to a misdemeanor term if the person 'would have been guilty of a misdemeanor under [Proposition 47] had this act been in effect at the time of the offense.' " (*People v. Page* (2017) 3 Cal.5th 1175, 1179.) In *Page*, the California Supreme Court held that "obtaining an automobile worth $950 or less by theft constitutes petty theft under [Penal Code] section 490.2 and is punishable only as a misdemeanor, regardless of the statutory section under which the theft was charged." (*Id.* at p. 1187.) Therefore, "[a] defendant who, at the time of Proposition 47's passage, was serving a

2

felony sentence for taking or driving a vehicle in violation of Vehicle Code section 10851 is therefore eligible for resentencing under [Penal Code] section 1170.18, subdivision (a), if the vehicle was worth $950 or less and the sentence was imposed for theft of the vehicle." (*Ibid.*)

On July 17, 2019, defendant filed a petition to reclassify his conviction for unlawfully taking a vehicle as a misdemeanor under Penal Code section 1170.18, subdivisions (a), and (f). On September 3, 2019, the People filed an opposition and stated that defendant was not entitled to relief because he "failed to meet [his] burden." At the hearing on the petition on November 7, 2019, the prosecutor stated that the vehicle in question "was a 1995 Chevy truck valued at $15,000, and it was only a year old when it was taken." Defense counsel did not dispute this claim or present any evidence on the value of the vehicle. Thereafter, the trial court denied defendant's petition.

On December 9, 2019, defendant filed a timely notice of appeal from the denial of his petition.

**DISCUSSION**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issue to assist the court in its search of the record for error: "Did the trial

3

court abuse its discretion in not reclassifying appellant's conviction for attempted vehicle taking a misdemeanor under [Penal Code] section 1170.18, subdivisions (a) and (f)?"

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

We recognize that in *People v. Cole* (2020) 52 Cal.App.5th 1023, Division Two of the Second Appellate District held "that *Wende's* constitutional underpinnings do not apply to appeals from the denial of postconviction relief." (*Id.* at p. 1028.) We have "no independent duty to review the record for reasonably arguable issues," and when a defendant fails to file a supplemental brief, "the Court of Appeal *may* dismiss the appeal as abandoned." (*Id.* at p. 1039, italics added.) Recently, in *People v. Flores* (2020) 54 Cal.App.5th 266 (*Flores*), our colleagues in Division Three of the Fourth Appellate District held "that when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice. This is a pure question of law, so our review is de novo." (*Id.* at p. 269.) The *Flores* court went on to reiterate that "while we agree with the primary holding in *Cole*— that we are not *required* to conduct an independent review of the record because this is not defendant's first appeal as a matter of right—we have found no legal authority that *prohibits* us from doing so in the interests of justice." (*Id.* at p. 273.) We agree with both *Cole* and *Flores* that dismissal is discretionary, and exercise our discretion to conduct an independent *Wende* review here. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8.)

4

"To establish eligibility for resentencing on a theory that a Vehicle Code section 10851 conviction was based on theft, a defendant must show not only that the vehicle he or she was convicted of taking or driving was worth $950 or less [citation], but also that the conviction was based on theft of the vehicle rather than on posttheft driving [citation] or on a taking without the intent to permanently deprive the owner of possession." (*People v. Page*, *supra*, 3 Cal.5th at p. 1188.)  Under Penal Code section 1170.18, the defendant bears the burden of establishing eligibility.  (*Page*, at p. 1188.)  In this case, the People stated that the value of the vehicle involved in this case was $15,000.  Defendant neither disputed this valuation nor provided another valuation for the vehicle.  Therefore, defendant failed to meet his burden of establishing eligibility under Penal Code section 1170.18.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error.  We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Id.* at p. 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

**DISPOSITION**

The appeal is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                J.

I concur:

RAMIREZ _____

5

P. J.

[*People v. Boggs*, E074289]

Slough, J., Dissenting.

I agree with the majority that because this is an appeal from a collateral postconviction order we are not required under *Anders/Wende*[1] to review the record ourselves to determine whether there are any arguable issues. Where I disagree with my colleagues is whether we should exercise our discretion to conduct such a review in this case.

*Anders/Wende* review is grounded in the constitutional right to counsel, and courts have repeatedly declined to apply it in other contexts, like this one, that don't involve an indigent criminal defendant in the first appeal as a matter of right. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 554-555; *In re Sade C.* (1996) 13 Cal.4th 952, 959; *People v. Kisling* (2015) 239 Cal.App.4th 288, 290; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304, 307-308; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570, 579.) Here, Boggs is appealing from a postconviction order issued long after his judgment became final, and his counsel filed an opening brief raising no issues. We offered Boggs the opportunity to file a supplemental brief, but he didn't do so. Normally, we would follow the general precedent above and the more specific precedent from our sister Courts of Appeal holding the *Anders/Wende* review doesn't apply to collateral, postconviction appeals. (*People v. Serrano* (2012) 211 Cal.App.4th

---

[1] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.

496, 501, 503 (*Serrano*); see also *People v. Martinez* (2016) 246 Cal.App.4th 1226, 1240 [declining to conduct independent review of the record in an appeal of a Penal Code section 1170.95 resentencing petition].)

While it's true we have the discretion *in every appeal* to review the entire record and request supplemental briefing on any issues we identify (Gov. Code, § 68081; *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6.), *Serrano* explains why we rarely do so. It imposes a significant burden on the courts (and therefore the public) to independently review the record when appellate counsel and the appellant were not able to identify any issues. That rationale is as compelling in 2020 as it was in 2012. "In these times of decreasing judicial budgets and the resulting overall reduction in public access to justice, [the state's] interests cannot be understated. . . . The judicial resources expended to conduct an independent review in each of these cases are innumerable, and relative to the incidence of reversal in these cases, wholly unproductive and a waste of scarce judicial resources. Where a defendant has been afforded all the constitutional protections of a first appeal of right, including the right to *Wende* review where appropriate, we find that he is not entitled to *Anders/Wende* procedures in subsequent appeals, including collateral attacks on the judgment." (*Serrano, supra*, 211 Cal.App.4th at p. 503.) This is why we routinely dismiss appeals as abandoned even in cases where the appellant's interests are quite significant, such as mentally disordered offender (MDO) proceedings and juvenile dependency cases. (*People v. Dobson*, *supra*, 161 Cal.App.4th at p. 1425; *In re Sade C.*, *supra*, 13 Cal.4th 952; *In re Phoenix H.* (2009) 47 Cal.4th 835.)

In my view, the interests of the appellants in those settings are equally (if not sometimes more) compelling than the interests of a petitioner attempting to reclassify a felony to a misdemeanor under section 1170.18. Why then is the majority electing to expend the resources to conduct an independent review here, when our court routinely dismisses MDO and *Sade C./Phoenix H.* appeals where counsel raise no arguments? They do not explain the inconsistency, and I see no justification for the disparate treatment.

When appellate counsel is unable to identify any issues in an appeal of a denial of a resentencing petition, I would follow the path taken in *People v. Cole* (2020) 52 Cal.App.5th 1023, where the court dismissed the appeal as abandoned, without independently reviewing the record, but only after first giving appellant a chance to identify issues himself, which he declined. Though the *Cole* court wrote a published opinion in that case, it points out that our courts could save even more public resources by dismissing such appeals as abandoned by order, without writing full opinions. (*Id.*, at p. 1040 [quoting *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544].)

In a case like this, where neither counsel nor the appellant can identify any issue with the trial court's decision, I believe we should dismiss by order and without opinion and direct our scarce resources to the contested cases sitting on our shelves awaiting review. (*People v. Cole*, *supra*, 52 Cal.App.5th at p. 1040.) I therefore respectfully dissent.

I would make an exception for cases where the appellant accepts our invitation and files their own brief identifying issues for appeal. Though that procedure is not required by due process, it's the sort of extra layer of protection that we can expect will, from time to time, identify important issues appointed appellate counsel missed. (*People v. Cole*, *supra*, 52 Cal.App.5th at p. 1040.) But absent a strong reason for expending judicial resources to conduct an independent review, I believe we should dismiss this appeal—and appeals of this category—as abandoned, when neither counsel nor the appellant can identify an issue warranting reversal.

SLOUGH
J.